C. W. CREES, Appellant, v. DOLLIE M. CREES, Appellee.

No. 42404.

JUNE 23, 1934.

H. E. Newton and Carl P. Knox, for appellant.

R. E. Duffield, for appellee.

EVANS, J.—The accusations made by the plaintiff against his wife had not a semblance of merit, and the trial court so found. These parties were married in 1898. The husband was 21 years of age, and the wife was 18. They started in poverty and farmed successfully. They reared three lovable daughters, the youngest of

which is 16 years of age. The other two are married and each lives in her own home. The record discloses that up to six years ago the married life of this couple was a happy one. The voluminous record discloses no trouble between them prior to 1928 or 1929. At that time plaintiff was elected sheriff of his county. This is an indication of his then standing in the community. With the beginning of his official career, the plaintiff began to make feminine acquaintances that were obnoxious to his wife. This was the beginning of their quarreling. He claims that she "nagged" him persistently and unbearably. She pleaded for the sanctity of her marriage. He asserted his right to do as he pleased, and her pleading grew more and more ungracious. The record discloses beyond cavil that the husband was, and is, the party at fault from first to last. The parties moved from the farm into the town at the beginning of the plaintiff's term of office, and they have not returned. The farm is mortgaged, and their financial situation is very burdensome. The court took full account of this fact in awarding support, and awarded to the plaintiff all the consideration that was justly due. He is not entitled to a reversal or to a modification of the decree entered below. No part of the corpus of the joint property was awarded to the wife. The plaintiff will have for the time being the use of the real estate to aid him in meeting the obligations imposed by the decree.

The decree of the district court is accordingly affirmed.—Affirmed.

All Justices concur.